**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| WB MUSIC CORP.<br>c/o Warner Chappell Music, Inc.<br>10585 Santa Monica Boulevard<br>Los Angeles, CA 90025 | *<br>*<br>* | |
| MASCAN MUSIC, INC.<br>c/o Timmons Edwards & Co.<br>7315 Wisconsin Avenue<br>Bethesda, MD 20814 | *<br>* | |
| HUNGLIKEYORA MUSIC<br>c/o Greenberg Traurig, L.L.P.<br>1840 Century Park East, 19th Floor<br>Los Angeles, CA 90067 | *<br>*<br>* | Civil Action No. |
| RUTLE CORPS MUSIC<br>c/o Warner Chappell Music, Inc.<br>10585 Santa Monica Boulevard<br>Los Angeles, CA 90025 | *<br>* | |
| PHILTHY MUSIC<br>c/o Warner Chappell Music, Inc.<br>10585 Santa Monica Boulevard<br>Los Angeles, CA 90025 | *<br>*<br>* | |
| BONNEVILLE SALT FLATS MUSIC<br>c/o Warner Chappell Music, Inc.<br>10585 Santa Monica Boulevard<br>Los Angeles, CA 90025 | *<br>* | |
| YOU SOUND BITTER MUSIC<br>2000 Glen Echo Road, Suite 105<br>Nashville, TN 37215 | *<br>* | |
| Plaintiffs, | * | |
| v. | * | |

ANDREA M. CONRAD *
712 Connolly Farms Road
Fallston, MD 21047 *

TALKING OUT LOUD, INC., *
d/b/a Conrad's Seafood Restaurant
9654 Belair Road *
Nottingham, MD 21236
*
SERVE ON RESIDENT AGENT:
Andrea M. Conrad *
712 Connolly Farms Road
Fallston, MD 21047 *

MICHAEL LANCELOTTA *
9768 Red Clover Court
Parkville, MD 21234 *

and *

JOSEPH LANCELOTTA *
1548 Dunkeld Way
Bel Air, MD 21015 *

Defendants. *

* * * * * * * * * * * * * *

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

Plaintiffs, by their undersigned attorneys, allege:

1. This is a suit for copyright infringement under Title 17 of the United States Code.

2. Plaintiffs allege four (4) causes of action for copyright infringement based on the Defendants' public performances of Plaintiffs' copyrighted musical compositions. SCHEDULE A, annexed to the Complaint, sets forth in summary form the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a), and venue in this District is proper pursuant to 28 U.S.C. § 1400(a).

## THE PARTIES

4. The Plaintiffs named in Column 2* of Schedule A to this Complaint are the owners of the copyrights in the works listed in Column 3 of Schedule A to this Complaint, and are properly joined in this complaint under Rule 20 of the Federal Rules of Civil Procedure.

5. On information and belief, defendant Talking Out Loud, Inc. ("T.O.L."), is a corporation organized under the laws of Maryland, with a principal place of business located at 9654 Belair Road, Nottingham, Maryland 21236.

6. At all times hereinafter mentioned T.O.L. did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as Conrad's Seafood Restaurant ("Conrad's"), located at 9654 Belair Road, Nottingham, Maryland 21236.

7. Musical compositions were and are publicly performed at Conrad's.

8. On information and belief, defendant Andrea M. Conrad is an individual who resides or does business in this District.

9. On information and belief, defendant Michael Lancelotta is an individual who resides or does business in this District.

10. On information and belief, defendant Joseph Lancelotta (Joseph Lancelotta and, together with T.O.L., Andrea M. Conrad and Michael Lancelotta, the "Defendants") is an individual who resides or does business in this District.

---

* All references to "columns" herein refer to the numbered columns set forth in SCHEDULE A.

11. On information and belief, Andrea M. Conrad, Michael Lancelotta and Joseph Lancelotta are owners, principals, directors, and/or officers of T.O.L.

12. At all times hereinafter mentioned, Andrea M. Conrad, Michael Lancelotta and Joseph Lancelotta were, and still are, responsible for the control, management, operation, and maintenance of the affairs of T.O.L.

13. At all times hereinafter mentioned, Defendants jointly had, and still have, the right and ability to supervise and control the activities that take place at Conrad's, including the right and ability to supervise and control the public performance of musical compositions at Conrad's.

14. Each Defendant derives a direct financial benefit from the public performance of musical compositions at Conrad's.

**FACTS SPECIFIC TO DEFENDANTS' INFRINGEMENT OF PLAINTIFFS' COPYRIGHTED MUSICAL COMPOSITIONS**

15. The Plaintiffs are all members of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public performance rights of its more than 585,000 songwriter, composer, and music publisher members.

16. Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions. On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

17. Over the last two years, ASCAP representatives have made multiple attempts to contact the Defendants, or their representatives, agents, or employees, to offer an ASCAP license for Conrad's. ASCAP has contacted Defendants by phone, by mail, by e-mail, and in person.

18. Defendants have refused all of ASCAP's license offers for Conrad's.

19. ASCAP's various communications gave Defendants notice that unlicensed performances of ASCAP's members' musical compositions at Conrad's constitute infringement of ASCAP's members' copyrights in their musical works.

20. Notwithstanding the foregoing, Defendants have continued to present public performances of the copyrighted musical compositions of ASCAP members at Conrad's, including the copyrighted works involved in this action, without permission, during the hours that the establishment is open to the public for business and presenting musical entertainment.

21. The original musical compositions listed in Column 3 of Schedule A to this Complaint were created and written by the persons named in Column 4 of Schedule A to this Complaint.

22. Each composition was published on the date stated in Column 5 of Schedule A to this Complaint, and since the date of publication has been printed and published in strict conformity with Title 17 of the United States Code.

23. The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3 of Schedule A to this Complaint, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6 of Schedule A to this Complaint.

24. Defendants on the dates specified in Column 7 of Schedule A to this Complaint, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 of Schedule A to this Complaint, by giving public performances of the compositions at Conrad's, for the entertainment and amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

25. The public performances at Conrad's of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 7 of Schedule A to this Complaint were unauthorized: neither Defendants, nor any of the Defendants' agents, servants or employees, nor any performer was licensed by, or otherwise received permission from any Plaintiff, or any agent, servant, or employee of any Plaintiff, to give such performances.

26. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights.

27. The many unauthorized performances at Conrad's include the performances of the four copyrighted musical compositions upon which this action is based.

28. At the times of the acts of infringement complained of, the Plaintiff named in Column 2 of Schedule A to this Complaint for each cause of action was the owner of the copyright in the composition therein named in Column 3 of Schedule A to this Complaint.

29. The said wrongful acts of the Defendants have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains the Defendants from the further commission of said acts, said Plaintiffs will suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

**COUNT I**
**COPYRIGHT INFRINGEMENT**

30. Plaintiffs hereby incorporate by reference all of the allegations in paragraphs 1 through 29, as if fully set forth herein.

31. By its actions alleged above, Defendants have infringed, and will continue to infringe, on Plaintiffs' copyrights in violation of 17 U.S.C. § 101 et seq.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in its favor and against Defendants as follows:

I. That Defendants have infringed Plaintiffs' copyrights.

II. That Defendants and all persons acting under the direction, control, permission, or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions -- or any of them -- and from causing or permitting the said compositions to be publicly performed at Conrad's, or in any place owned, controlled or conducted by Defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

III. That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred And Fifty Dollars ($750) in each cause of action herein.

IV. That Defendants be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs, pursuant to 17 U.S.C. § 505.

V. For such other and further relief as may be just and equitable.

Respectfully submitted,

Date: October 18, 2016

/s/

Linda J. Zirkelbach
Federal Bar No.: 14643
Venable LLP
575 7th Street, N.W.
Washington, DC 20004
ljzirkelbach@venable.com
Telephone: (202) 344-4000
Facsimile: (202) 344-8300

Heather L. Mitchell
Federal Bar No. 027169
Venable LLP
210 West Pennsylvania Avenue, Suite 500
Towson, Maryland 21204
hlmitchell@venable.com
Telephone: (410) 494-6200
Facsimile: (410) 821-0147

*Counsel for Plaintiffs*